18 F.(2d)—8

## THE KATHLAMBRA.

(District Court, E. D. New York. November 30, 1926.)

1. Aliens ☞58—Libel for permitting landing of excluded alien seaman would state separately each cause of action (Immigration Act 1917, § 32 [Comp. St. § 4289¼r]).

In a libel filed against a vessel under Immigration Act 1917, § 32 (Comp. St. § 4289¼r), for permitting the landing of excluded alien seamen, the landing of each alien constitutes a cause of action, which should be separately stated.

2. Aliens ☞58—To charge vessel with liability for permitting landing of excluded alien seamen it must be shown that aliens were landed, that notice was given to detain them, and that vessel negligently failed to do so (Immigration Act 1917, § 32 [Comp. St. § 4289¼r]).

To subject a vessel to the penalty imposed by Immigration Act 1917, § 32 (Comp. St. § 4289¼r), for permitting the landing of excluded alien seamen, it must be shown (1) that the aliens were landed; (2) that notice was previously given the vessel to detain such persons on board; and (3) that she negligently failed to do so.

3. Aliens ☞58—Libel for permitting landing of excluded alien seamen held insufficient to charge that aliens were "landed" (Immigration Act, § 32 [Comp. St. § 4289¼r]).

An allegation in a libel against a steamship that she entered a port of the United States "and brought thereto and into the United States" certain alien seamen named, is not a sufficient allegation that such aliens were "landed," within the meaning of Immigration Act 1917, § 32 (Comp. St. § 4289¼r).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Landed.]

In Admiralty. Suit by the United States against the steamship Kathlambra. On exceptions to libel. Exceptions sustained, with leave to amend.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for claimant.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Albert Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for libelant.

INCH, District Judge. Claimant excepts to a libel, first, because it fails to state a cause of action; second, because it fails to separately state and number alleged causes of action. There are certain other exceptions, which need not be noticed, which possibly may be made the basis for interrogatories, or can await trial.

[1] The exception relating to the separate numbering of causes of action is good. The statute contemplates a violation which, while

it may be multiplied by the number of individuals "landed," nevertheless does not take away the necessity of making each violation a separate cause of action. I see no reason to distinguish this case from that of Scharrenberg v. Dollar Co., 245 U. S. 122, at page 123, 38 S. Ct. 28, 62 L. Ed. 189. This exception therefore is sustained.

[2] The remaining exception that I consider is that numbered first. Aside from the argument, which I am of the opinion is substantial (Taylor v. U. S. [C. C. A.] 152 F. 1, particularly dissenting opinion page 7, reversed 207 U. S. 120, particularly at page 126, 28 S. Ct. 53, 52 L. Ed. 130), it seems to me that section 32 of the Act of February 5, 1917 (39 Stat. 895, c. 29 [Comp. St. § 4289¼r]), is aimed at the preventing of an unlawful "landing" in this country of an alien. Where such person has unlawfully "landed" certain responsibilities arise for allowing it to happen. These take the form of both an offense and a civil liability. The civil liability would seem to arise only after three things have taken place: First, a "landing"; second, a due giving of a written notice prior to such "landing" to the effect that same should not be allowed to happen; and, third, the omission to use due care, after receipt of such notice, to prevent such "landing."

[3] The statute relied on in this libel, among other things, states: "No alien," etc., "shall be permitted to land in the United States," etc. Section 32, Act of February 5, 1917. "Landing," when applied to seamen, "will not be construed as intending to altogether prohibit sailors from going ashore." Taylor v. U. S., 207 U. S. 120, 28 S. Ct. 53, 52 L. Ed. 130. If the word "landing" is meant to apply to these sailors, it must therefore be accompanied by something more than itself, where the libel expressly states that the offending alien was at the time a sailor, to wit, a member of the crew. This libel does nothing of the kind.

It seems to me, however, that the main weakness of this libel is in another direction. There is no allegation, so far as I can find, that any alien, whether a member of the crew or not, was ever "landed" in the United States. This is a penal statute. There is no necessity for substituting other words for that of the statute.

The only allegation that I can find is contained in paragraph third, where we find the words "that on or about August 15, 1923, said vessel arrived at the port of New York, a seaport of the United States, and *brought thereto and into the United States*" the individuals

then mentioned and specified as part of the ship's crew. Such a situation would exist whenever any ship sailed into the waters of the United States.

This is not what is meant by "landing an alien." I see no reason to allow a substitute of ambiguous words for the definite word of the statute. I do not think, therefore, that a cause of action is stated in view of the express language of the statute.

Exceptions first and second sustained. It is not necessary to pass on the others. Leave to amend granted; time, etc., to be as directed in order, which is to be settled on notice. If amended libel is not served, in accordance with said order, the same should provide for a dismissal of this libel, for the reasons above stated.